UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FELICIA BINION WILLIAMS,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**DISTRICT OF COLUMBIA** )<br>**SUPERIOR COURT,** )<br>)<br>Defendant. )<br>) | Case No. 22-cv-02993 (APM) |

## MEMORANDUM OPINION

Plaintiff Felicia Binion Williams brings this action against the District of Columbia Superior Court, Family Court and Domestic Violence Division. *See* Compl., ECF No. 1 [hereinafter Compl.]. This is the second action Plaintiff has brought in this court this year. She previously sued Army Brigadier General Jack Davis, in his official capacity as the head of the Walter Reed National Military Medical Center. *Williams v. Davis*, No. 22-cv-2178 (APM), 2022 WL 3585650 (D.D.C. Aug. 22, 2022). While the facts alleged in Plaintiff's instant complaint differ from the previous suit, their frivolous nature remains the same. So, for the reasons stated below, the court once again dismisses the Complaint and this action sua sponte.

It is well-settled that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (cleaned up). A complaint will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) when it is "'patently insubstantial,' presenting no federal question suitable for decision." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 n.6 (1989)). Claims are patently insubstantial if they are "essentially fictitious," for example,

advancing "bizarre conspiracy theories," "fantastic government manipulations of [one's] will or mind," or some type of "supernatural intervention." *Id.* (internal quotation marks omitted). In such cases, a district court may dismiss the case sua sponte. *See Lewis v. Bayh*, 577 F. Supp. 2d 47, 54 (D.D.C. 2008) (quoting *Brown v. Dist. Unemployment Comp. Bd.*, 411 F. Supp. 1001, 1001–02 (D.D.C. 1975) (noting that "a district court has the power to dismiss a case *sua sponte* if it is frivolous")).

Here, Plaintiff's Complaint is against the D.C. Superior Court's "family court for failing to grant an absolute divorce . . . and the domestic violence court for failing to grant a Civil Protection Order." Compl. at 3. Yet, once more, the actual allegations rest on the kind of fantastic and delusional claims that warrant dismissal sua sponte. Specifically, referring to herself as the "Prosecutor," Plaintiff alleges, among other things, that "this court lie[d] to protect the Federal Government," *id.* at 4; that she "won" a prior case because a D.C. Superior Court attorney failed to respond "in 2 working days," *id.* at 6; and that a family court judge harassed her by not being prepared for a hearing. As relief, she seeks, among other things, $2.5 million, a divorce, that the University of the District of Columbia rename its courses, and that the deans of all District law schools be licensed to practice law. *Id.* at 8, 9. And Plaintiff otherwise lists pages of different "Education ideas" that seem to have no connection whatsoever to her divorce and domestic violence proceedings. *Id.* at 9–15. These are precisely the kind of "fanciful" allegations that do not state a substantial federal question. *See Neitzke*, 490 U.S. at 325; *see also Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind.").

Additionally, dismissal is appropriate because the D.C. Superior Court is *non sui juris* and therefore not subject to suit. *See Kundrat v. District of Columbia*, 106 F. Supp. 2d 1, 7 (D.D.C.

2000). And to the extent Plaintiff's claim can be construed as one against an individual jurist or court employees acting pursuant to their duties, they are immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) (judicial immunity); *Sindram v. Suda*, 986 F.2d 1459, 1460–61 (D.C. Cir. 1993) (per curiam) (court employees).

Accordingly, upon sua sponte review, this action is dismissed. A separate final, appealable order accompanies this Memorandum Opinion.

Dated: October 11, 2022

Amit P. Mehta
United States District Judge